IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHANE SPANGLER, et al.,

                Plaintiffs,                Case No. 3:15 CV 75

    -vs-

                                               MEMORANDUM OPINION

SENSORY EFFECTS POWDER
SYSTEMS, INC., et al.,

                Defendants.

KATZ, J.

       Shane Spangler and the Ohio Bureau of Worker's Compensation have sued Sensory Effects Powder Systems, Inc., Performance Chemicals & Ingredients Company, Balchem Corporation, and John Does 1 through 3. The action stems from the horrific injuries which Mr. Spangler suffered as a result of an explosion which occurred while he was working.

       Defendants have moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 12). Mr. Spangler has filed a response (Doc. No. 15), and the Defendants have filed a reply. (Doc. No. 17).

I. Jurisdiction and Venue

       The Court finds that it has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is also properly before this Court. *See* 28 U.S.C. § 1391; N.D. Ohio R. 3.8.

       For the purpose of jurisdiction, the Court notes that the Bureau of Worker's Compensation is a nominal party. A formal or nominal party has no interest in the result of the suit, and need not have been made a party to the action. *See Maiden v. N. Amer. Stainless, LP*, 125 Fed. App'x 1, 3 (6th Cir. 2004); *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952). The Bureau of Worker's Compensation is a statutory subrogee and only seeks that "its liens be

accorded their rightful priority." (Doc. No. 1-2, ¶ 4). There are no allegations against the Bureau and there is no controversy involving the agency. Further, the Bureau has no control over the subject matter of the lawsuit. Rather, the controversy in this case is whether Mr. Spangler is entitled to recover any damages from the Defendants for the injuries which he suffered as a result of the incident. The Bureau's lien is secondary to the purpose of the lawsuit.

## II. Standard of Review

The Court construes the complaint in the light most favorable to Mr. Spangler and accepts all factual allegations as true. *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275–76 (6th Cir. 2010)) (internal quotation marks omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. "Determining whether a complaint states a plausible claim for relief . . . [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

## III. Discussion

Mr. Spangler alleged that he was an employee of Defendants Sensory Effects Powder Systems Inc. and/or Performance Chemicals & Ingredients Company and/or Balchem Corporation. (Doc. No. 1-1, ¶ 7). He had been an employee of the Defendants for over four years. (Doc. No. 1-1, ¶ 7). On or about January 31, 2014, Mr. Spangler was working at Defendants' facility in the powder department with spray drying equipment called the "DJ dryer." (Doc. No. 1-1, ¶ ¶ 7, 10). The DJ dryer creates dry powders from liquid solutions. (Doc. No. 1-1, ¶ ¶ 9, 11). Mr. Spangler alleged the powder product is well known to be highly combustible, flammable, and susceptible to explosion when exposed to fire. (Doc. No. 1-1, ¶ 12). Mr. Spangler was bagging the dry powder and noticed that the curtain used to contain the product was out of place. (Doc. No. 1-1, ¶ ¶ 15-16). When Mr. Spangler moved the curtain, an explosion occurred resulting in a fireball. (Doc. No. 1-1, ¶ ¶ 17-18).

Mr. Spangler claimed that "[t]he explosion and fire were able to occur and propagate because the system lacked a means of safely relieving pressure from an internal explosion. The system also lacked any method of blocking the fire from spreading downstream to employee occupied areas." (Doc. No. 1-1, ¶ 19). He alleged that the DJ dryer "was not equipped with required, necessary, mandated, and adequate venting mechanisms or safeguards to protect against explosions, fire, propagation of flame from, and into, employee-occupied areas." (Doc. No. 1-1, ¶ 13). Mr. Spangler further claimed Defendants knowingly and deliberately: 1) created or permitted the dangerous work environment to exist in violation of various standards and

regulations; 2) subjected him to machines and equipment which did not have explosion prevention means; 3) required him to work without adequate fire protection equipment; 4) required him to work in this environment knowing the danger of serious injury; 5) failed to maintain and repair safety equipment; 6) failed to inspect, maintain, and/or repair dangerous pieces of equipment, subjecting the employees to the inherent danger of explosion and fire; and 7) failed to train him and other employees in safe ways of performing their jobs. (Doc. No. 1-1, ¶ 20). Mr. Spangler claimed that based on these facts, Defendants "with knowledge of the aforementioned dangerous process, procedure and/or condition, intentionally, purposefully, with deliberate and specific intent, and with substantial certainty did cause severe injury to Plaintiff Shane Spangler." (Doc. No. 1-1, ¶ 20).

Finally, Mr. Spangler alleged that Defendants "intentionally and/or purposefully and/or with deliberate intent and/or specific intent performed or failed to perform the acts set forth above with substantial certainty that they would inevitably, and did, cause Plaintiff the injuries and damages . . . ." (Doc. No. 1-1, ¶ 21).

In Ohio, employees who sustain injuries in the workplace are generally limited to the remedy provided for under Ohio's Workers' Compensation Act. Ohio Rev. Code § 4123.74. The narrow exception to the exclusivity of workers' compensation relief is set forth in Ohio Revised Code § 2745.01, which provides:

> (A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.

(B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.

(C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result.

The Ohio Supreme Court addressed the purpose of § 2745.01 in *Houdek v. ThyssenKrupp Materials N.A., Inc.*, 983 N.E.2d 1253 (Ohio 2012). The court stated:

> We upheld R.C. 2745.01 against various constitutional challenges in *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066, and its companion case, *Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, explaining that "the General Assembly responded to this court's previous decisions by eliminating many of the features identified by this court as unreasonable, onerous, and excessive. Thus, in reviewing R.C. 2745.01, we find a more limited statute than those previously held to be unconstitutional." *Stetter* at ¶ 50.
>     Nor is there any question as to the intent of the General Assembly when it enacted this statute. In *Kaminski*, we emphasized that "the General Assembly's intent in enacting R.C. 2745.01, as expressed particularly in 2745.01(B), is to permit recovery for employer intentional torts only when an employer acts with specific intent to cause an injury, subject to subsections (C) and (D)." (Emphasis added.) *Id*. at ¶ 56. We further indicated:
>
>> R.C. 2745.01 appears to harmonize the law of this state with the law that governs a clear majority of jurisdictions.
>>
>>> "[T]he common-law liability of the employer cannot, under the almost unanimous rule, be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of a conscious and deliberate intent directed to the purpose of inflicting an injury." (Footnote omitted.) 6 Larson's Workers' Compensation Law (2008), Section 103.03.

5

>   (Footnote omitted.)  *Kaminski* at ¶ 99–100.  Moreover, in *Stetter*, we observed that
>   "R.C. 2745.01 embodies the General Assembly's intent to significantly curtail an
>   employee's access to common-law damages for what we will call a 'substantially
>   certain' employer intentional tort."  *Stetter* at ¶ 27.
>       It is therefore manifest that R.C. 2745.01(B) is not the result of a
>   scrivener's error.  As we stated in both *Kaminski* and *Stetter*, the General Assembly
>   intended to limit claims for employer intentional torts to situations in which an
>   employer acts with the "specific intent" to cause an injury to another.  *Kaminski* at
>   ¶ 56; *Stetter* at ¶ 26.  *See also* 6 *Larson's Workers' Compensation Law*, Section
>   103.03, 103–7 to 103–8 (2001) (explaining that an employer's "knowingly
>   permitting a hazardous work condition to exist [and] knowingly ordering
>   employees to perform an extremely dangerous job * * * falls short of the kind of
>   actual intention to injure that robs the injury of accidental character" (footnotes
>   omitted)).
>       In accord with this authority, absent a deliberate intent to injure another, an
>   employer is not liable for a claim alleging an employer intentional tort, and the
>   injured employee's exclusive remedy is within the workers' compensation system.

*Id*. at 1258.

Under § 2745.01, there must be a demonstration, in this case an allegation, that the Defendants "deliberately intended to injure" Mr. Spangler.  *Id*. at 1259.  Even if the accident could have been avoided had certain precautions been taken, this is still insufficient to satisfy the statute.  *Id*.

Upon careful review, the Court concludes Mr. Spangler's complaint fails to allege sufficient facts that the Defendants had the specific intent to deliberately injure him.  Thus, he is unable to satisfy the requirements of § 2745.01 and his remedy lies exclusively in Ohio's workers' compensation system.  *Id*. at 1258.

*Iqbal* instructs that a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Mr. Spangler's complaint does not contain

6

sufficient factual content to allow this Court to draw the inference that the Defendants intended to harm him.

In paragraph twenty of the complaint, Mr. Spangler alleges that the Defendants knowingly and intentionally created a dangerous work environment in violation of various industry and government standards and regulations. (Doc. No. 1-1, ¶ 20a.). Employees who work in potentially dangerous situations do not satisfy the exceptions of § 2745.01. *Houdek*, 983 N.E.2d at 1259. Mr. Spangler contends the Defendants knowingly and intentionally subjected him to machines and equipment that did not have required explosion and fire protection mechanisms while requiring him to work with known highly flammable and combustible materials. (Doc. No. 1-1, ¶ 20b.). This allegation is again a dangerous work environment claim that argues the accident could have been avoided had certain precautions been taken. These claims are still insufficient to satisfy the statute. *Id*. They do not contend that the Defendants had the "specific intent" to deliberately injure him. *Id*. at 1258–59. Under *Houdek*, this allegation fails to satisfy the statute. *Id*.

Mr. Spangler next claims he was required to work without adequate fire protection equipment and personal protective equipment. (Doc. No. 1-1, ¶ 20c.). As with his second assertion, this is a unsafe work environment claim which also asserts that certain precautions could have been taken to prevent his injury. Again, these types of allegations fail under *Houdek*. *Id*. at 1259.

The fourth allegation fares no better than the previous three. Mr. Spangler alleges that the Defendants required him to work in the dangerous environment knowing with substantial certainty that serious injury would occur under the circumstances. (Doc. No. 1-1, ¶ 20d.). The

allegation is another dangerous work environment claim which *Houdek* rejects. *Id*. at 1258–59. Further, the allegation does not contend that the Defendants "deliberately intended to injure" Mr. Spangler. *Id*. at 1259. Thus, the requirements of § 2745.01 have not been satisfied.

In the fifth claim, Defendants allegedly failed to maintain and repair safety equipment, equipment which Defendants knew employees used and was susceptible to explosions and fire. (Doc. No. 1-1, ¶ 20e.). Again, no deliberate intent to injure Mr. Spangler is alleged. This is a continuation of the dangerous work environment theory, arguing that the accident could have been avoided had certain precautions been taken. As previously noted, this theory fails under *Houdek*. *Id*.

Like the fifth claim, the sixth claim asserts that the accident could have been avoided if precautions had been taken. (Doc. No. 1-1, ¶ 20f.). Specifically, the Defendants failed to inspect, maintain, or repair dangerous equipment. Like the fifth claim, this is another dangerous work environment theory which *Houdek* holds fails to satisfy § 2745.01. *Id*.

Finally, in the seventh claim, Mr. Spangler alleges that he was not adequately trained in the safe ways of performing his job. (Doc. No. 1-1, ¶ 20g.). This allegation also fails to allege that the Defendants had the specific intent to deliberately injure Mr. Spangler. *Id*.

In paragraph twenty-one of the complaint, Mr. Spangler asserts that because of Defendants' previously identified actions, there was a "substantial certainty that [the Defendants] would inevitably . . . cause" Mr. Spangler the injuries and damages which he indeed incur. (Doc. No. 1-1, ¶ 21). The allegations concern dangerous working conditions which were a result of a lack of equipment, maintenance, and training. The "specific intent" to injure Mr. Spangler element is lacking in the facts and allegations. *Id*. at 1258–59.

As the Court's detailed evaluation of each claim of paragraphs twenty and twenty-one of the complaint establishes, the specified events or alleged negligent actions do not set forth facts allowing the Court to draw reasonable inferences that the Defendants deliberately intended to injure Mr. Spangler. *Iqbal*, 556 U.S. at 678; *Houdek* , 983 N.E.2d at 1259. Although the complaint most certainly alleges that the Defendants knowingly created a dangerous working environment and failed to take certain precautions which could have avoided the horrible accident, the alleged facts do not establish that Mr. Spangler was targeted for injury by the Defendants. Without the specific intent to injure, § 2745.01 is not satisfied and the complaint must be dismissed.

IV. Conclusion

Accordingly, Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) is granted.

IT IS SO ORDERED.

      s/ *David A. Katz*
      DAVID A. KATZ
      U. S. DISTRICT JUDGE