IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHANE SPANGLER,

                       Plaintiff,          Case No. 3:15 CV 75

   -vs-

                                         O R D E R

SENSORY EFFECTS POWDER
SYSTEMS, INC.,

                       Defendant.

KATZ, J.

    Plaintiff Shane Spangler, through his attorney, has moved the Court to alter or amend its decision pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 20). The Defendants have filed a response (Doc. No. 25), and Spangler has filed a reply. (Doc. No. 27). Spangler has also requested oral argument on his Rule 59(e) motion. (Doc. No. 26).

    On April 1, 2015, the Court issued its opinion granting Defendants' motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Spangler filed his current motion on April 29, 2015. Therefore, Mr. Spangler's motion was timely filed under Rule 59(e). A motion to alter or amend a judgment under Rule 59(e) may be granted if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Crouch v. Honeywell Int'l, Inc.*, 720 F.3d 333, 345 (6th Cir. 2013). The Court finds that Mr. Spangler's motion fails to satisfy this standard.

    Mr. Spangler argues that the Court erred by basing its opinion on the Ohio Supreme Court's decision of *Houdek v. ThyssenKrupp Materials N.A., Inc.*, 983 N.E.2d 1253 (Ohio 2012), and not addressing the opinion from the Ohio Court of Appeals in *Cantu v. Irondale Indus.*

*Contractors, Inc.*, No. F–11–018, 2012 WL 6681863 (Ohio Ct. App. Dec. 21, 2012). The Court is bound by the decision of the Ohio Supreme Court regarding the interpretation of Ohio's worker's compensation laws. *See In re Dow Corning Corp.*, 778 F.3d 545, 548–49 (6th Cir. 2015). This Court is not bound by state appellate court decisions that conflict with decisions of the highest court of the State. *See J.C. Wyckoff & Assocs. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1485 (6th Cir. 1991); *Welsh v. United States*, 844 F.2d 1239, 1245 (6th Cir. 1988). *Cantu* is not controlling in light of *Houdek* and does not bind this Court.

The Court notes that *Cantu* ignores *Houdek*'s explanation regarding the requisite intent required for an employer to be held liable under the statute. *Cantu* states that *Houdek* defined "deliberate intent" as "specific intent." *Cantu*, 2012 WL 6681863, at *5. Quoting *Black's Law Dictionary*, *Cantu* states "specific intent" is "a term ordinary used in criminal law meaning a subjective desire or knowledge that the prohibited result will occur." *Id*. That is not the definition used in *Houdek*.

In stating that the Ohio "General Assembly intended to limit claims for employer intentional torts to situations in which an employer acts with the 'specific intent' to cause an injury" the Ohio Supreme Court refers not to *Black's Law Dictionary*, but to *Larson's Workers' Compensation Law*. The court explained "that an employer's 'knowingly permitting a hazardous work condition to exist [and] knowingly ordering employees to perform an extremely dangerous job * * * falls short of the kind of actual intention to injure that robs the injury of accidental character.'" *Houdek*, 983 N.E.2d at 1258 (quoting 6 *Larson's Workers' Compensation Law*, §§ 103.03, 103–7 to 103–8 (2001)).

2

Further, the definition used in *Cantu*, "a subjective desire or knowledge that the prohibited result will occur," *Cantu*, 2012 WL 6681863, at *5, is essentially identical to the definition used by the court of appeals in *Houdek*, "objectively believed the injury was substantially certain to occur." *Houdek*, 983 N.E.2d at 1254. Yet, the Ohio Supreme Court found the definition used by the court of appeals in *Houdek* "ignored the statutory definition of 'substantially certain.'" *Id*. The proposed definition in *Cantu* appears to conflict with *Houdek*.

In discussing the facts of the case in *Houdek*, the Ohio Supreme Court emphasized that there was no evidence that the defendant "deliberately intended to injure Houdek when its management directed him to work" in the area where he was injured. *Houdek*, 983 N.E.2d at 1258. Although Mr. Spangler alleged that he was forced to work in a dangerous environment, like *Houdek*, he does not allege sufficient facts that Defendants deliberately intended to injure him.

Mr. Spangler suffered injuries as a result of a terrible accident. The Court went to great lengths in its prior opinion to explain why each claim in his complaint does not satisfy the intent requirements discussed in *Houdek*.

Mr. Spangler emphasizes that the Ohio Supreme Court twice chose not to review *Cantu* on appeal. This does not negate the fact that this Court must apply *Houdek*. *J.C. Wyckoff*, 936 F.2d at 1485; *Welsh*, 844 F.2d at 1245.

Mr. Spangler next contends that his complaint contains specific and deliberate failures by the Defendants which resulted in Mr. Spangler's injuries. The Court previously explained how each of the alleged conditions failed to show a deliberate intent to injure Mr. Spangler. The allegations concerned potentially dangerous situations which could have been avoided had certain

3

precautions been taken. These allegations do not satisfy the requirements of *Houdek*. *Houdek*, 983 N.E.2d at 1259.

Mr. Spangler contends that *Houdek* and *Cantu* were decided following summary judgment. In contrast, his complaint is as specific as possible without discovery.

Although Mr. Spangler is concerned his case was not decided on summary judgment, this fact is actually beneficial to his position. As the Court explained in its prior decision, because the motion to dismiss was pursuant to Rule 12(b)(6), the Court accepted Mr. Spangler's factual allegations as true. *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1500 (2015). However, the Court is not required to accept as true his legal conclusions, unwarranted factual inferences, conclusory allegations, or legal conclusions masquerading as factual allegations. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir.), *cert. denied*, 135 S. Ct. 758 (2014).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

In the prior decision granting the motion to dismiss, the Court adopted Mr. Spangler's factual allegations and then proceeded to explain why each event or safety deficiency did not meet

the specific intent requirement explained in *Houdek*. The opinion is in compliance with the Supreme Court's decisions of *Twombly* and *Iqbal*.

Accordingly, the motion to alter or amend pursuant to Rule 59(e) and the motion for oral argument are denied.

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE